UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVARO LOPEZ GONZALEZ,<br>Plaintiff,<br>v.<br>GENERAL MOTORS LLC,<br>Defendants. | Case No. 2:25-cv-11317-SRM-MBK<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND [14]** |

Before the Court is Plaintiff Alvaro Lopez Gonzalez's ("Plaintiff") Motion for Remand ("Motion"). Dkt. 14. Defendant General Motors LLC ("Defendant GM") filed an Opposition. Dkt. 15. Plaintiff filed a Reply. Dkt. 16. The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. For the reasons below, the Motion is **DENIED**. Dkt. 14.

## I. BACKGROUND

According to the Complaint, Plaintiff purchased a 2023 Chevrolet Silverado 1500, VIN GCPABEK7PZ110728 ("vehicle") on or about December 11, 2022. Dkt. 1-1 at 13–14. The Complaint indicates that Plaintiff is and was a resident of Compton, California. Dkt. 1-1 at 13. Plaintiff purchased the vehicle with express warranties that Defendant GM would repair a nonconformity developed in the vehicle during the warranty period. Dkt. 1-

1 at 14. During Plaintiff's ownership of the vehicle, the car developed defects including infotainment and engine system defects. *Id.* Defendant GM or its authorized service and repair facilities failed to repair the vehicle after a reasonable number of opportunities to do so. *Id.* Defendants failed to replace the vehicle or make restitution pursuant to Civil Code section 1793.2(d). *Id.*

On August 29, 2025, Plaintiff filed a Complaint in Los Angeles County Superior Court alleging claims under the Song-Beverly Consumer Warranty Act ("Song-Beverly Act"), the federal Magnuson-Moss Warranty Act ("MMWA"), and breach of implied warranty of merchantability. Dkt. 1-1 at 13–17. On November 25, 2025, more than thirty days after Plaintiff served the Complaint on Defendant, Defendant GM removed the action based on diversity jurisdiction under 28 U.S.C. § 1332. Dkt. 1.

Defendant GM determined that Plaintiff purchased the 2023 Chevrolet Silverado with four miles on the odometer for $71,931.52. Dkt. 1 at 5. Defendant GM's preliminary investigation also indicated approximately $5,191.16 in total deductions including estimates of statutorily required deductions for mileage offset, third-party service contracts, manufacturer's rebate, and negative equity. Code Civ. Proc. § 871.26; Cal. Civ. Code § 1793.2(d)(2)(B); *Id.* Based on that information Defendant GM estimates actual damages of $66,740.36. Dkt. 1 at 5.

Plaintiff moves to remand the action arguing Defendant GM's removal was untimely and removal was not substantively proper. Dkt. 14.

## II. LEGAL SECTION

Federal courts have limited jurisdiction. *See* U.S. Const. art. III, § 2, cl. 1. A federal court may exercise removal jurisdiction over a case only if jurisdiction existed over the complaint as originally filed by the plaintiffs. 28 U.S.C. § 1441. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). On the other hand, district courts must remand the case to state court pursuant to 28 U.S.C. § 1447(c) if they lack subject matter jurisdiction or if the Plaintiff files a motion to remand within thirty days of the notice of

removal because there are procedural defects. *Polo v. Innoventions Int'l, LLC*, 833 F. 3d 193 (9 Cir. 2016). "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447. "The decision to award attorney fees lies within the trial court's discretion, and does not require a showing that removal was in bad faith." *Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1160 (C.D. Cal. 2009) (citing *Moore v. Permanente Medical Group, Inc.,* 981 F.2d 443, 446 (9th Cir.1992)).

Courts have diversity jurisdiction where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the dispute is between "citizens of different states." 28 U.S.C. § 1332.

Under the well-pleaded complaint rule, federal question jurisdiction only exists when the face of a plaintiff's properly pleaded complaint raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality*, 213 F.3d 1108, 1113 (9th Cir. 2000) (explaining that "federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims."). MMWA claims trigger federal question jurisdiction only if the amount in controversy pleaded in the original well-pleaded complaint exceeds $50,000. 15 U.S.C. § 2310(d)(3)(B).

Under 28 U.S.C. § 1446(b) there are "two thirty-day periods for removing a case." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010). The first thirty-day removal period is triggered if the complaint's removability is clear from the four corners of the "initial pleading." *Id.* The second thirty-day removal period is triggered if the initial pleading does not reveal a basis for removal, but the defendant thereafter receives "'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 693 (9th Cir. 2005) (quoting 28 U.S.C. § 1446(b)).

If neither the original pleading nor another paper reveals on its face that the action is removable, then neither thirty-day deadline is triggered and the defendant may remove

at any time. *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013). However, an action removed based on diversity jurisdiction must be removed within one year after commencement of the action. *See* 28 U.S.C. § 1446(c)(1). In other words, in determining the amount in controversy for diversity or federal question jurisdiction a complaint which is indeterminate as to the amount in controversy is not subject to the thirty-day limit. *Roth*, 720 F.3d at 1125.

## III. DISCUSSION

First, the Court considers whether the face of Plaintiff's Complaint establishes diversity jurisdiction. As stated above, to establish diversity jurisdiction the removing party must show that: (1) the parties are citizens of different states, and (2) the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). Plaintiff's Complaint alleges only that Plaintiff is a resident of Compton, California, but residence without a factual showing of intent to remain is not citizenship, so this allegation does not establish Plaintiffs' citizenship. *Adams v. W. Marine Prods., Inc.*, 958 F.3d 1216, 1221 (9th Cir. 2020) (explaining that a person's citizenship is determined by domicile or the "permanent home" where (i) she resides, (ii) with the intention to remain or to which she intends to return); Dkt. 1-1 at 12. Since the party asserting diversity jurisdiction bears the burden of proof, Plaintiff's failure to specify their state domicile and thus their citizenship in the Complaint is fatal to their assertion that the four corners of the Complaint gave rise to diversity jurisdiction. *Beaver v. Sedehi*, No. 24-2041-MLP, 2025 WL 2372916, at *1 (W.D. Wash. Aug. 14, 2025) (citing *Lew v. Moss*, 797 F.2d 747, 740 (9th Cir. 1986). Also, the Complaint does not allege an amount in controversy or facts that make it obvious that the $75,000 threshold amount for diversity jurisdiction was satisfied. Dkt. 1-1 at 13–17. A removing defendant does not have to prove factual allegations establishing jurisdiction in support of its amount in controversy estimate unless challenged. *C.f. Ehrman v. Cox Commc'ns., Inc.*, 932 F.3d 1223, 1228 (9th Cir. 2019) (where plaintiff presented only a facial and not a factual challenge to jurisdictional allegations, removing defendant did not have to present evidence to support them). The Court finds Defendant has presented "reasonable grounds"

for the estimated damages. *See Arias v. Residence Inn*, 936 F.3d 920, 927 (9th Cir. 2019) (defendant need only show "reasonable grounds" for estimated damages). Thus, diversity jurisdiction is not apparent from the face of the Complaint. *See* Dkt. 1-1.

Second, the Court considers whether the face of the Complaint established federal question jurisdiction. As noted, the Complaint does not establish any amount in controversy, so the $50,000 amount in controversy threshold for MMWA claims was neither satisfied. *See* Dkt. 1-1. Thus, the Complaint did not establish federal question jurisdiction under the MMWA claim. 15 U.S.C. § 2310(d)(3)(B).

Finally, the Court turns to whether removal was timely. The removal periods are either triggered by a defendant's receipt of a complaint or another filing that makes the removability of the action clear. *Harris*, 425 F.3d at 693. Where grounds for removal emerge, a removing defendant can remove at any time if neither period is triggered by the face of the complaint or another filing that demonstrates removability. *Roth*, 720 F.3d at 1125 (9th Cir. 2013). However, the defendant is not required to investigate the allegations to determine removability. *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013) ("To avoid saddling defendants with the burden of investigating jurisdictional facts, we have held that 'the ground for removal must be revealed affirmatively in the initial pleading in order for the first thirty-day clock under § 1446(b) to begin.") (quoting *Harris*, 425 F.3d at 695). A complaint is "indeterminate" if the jurisdictional elements are vague on the face of the complaint. *Kuxhausen*, 707 F.3d 1136 at 1139 (9th Cir. 2013).

Plaintiff's argument that removal was untimely fails because the four corners of the Complaint did not reveal diversity of citizenship between the parties and that the amount in controversy was at least $75,000. Dkt. 14, 1-1. The Complaint was indeterminate. *Kuxhausen*, 707 F.3d at 1139. Thus, the Complaint never triggered the first thirty-day removal period. *Id.*

Plaintiff does not argue that the second thirty-day removal period was triggered by Defendant GM's receipt of another filing. Dkt. 14. Therefore, the Court need not address

removal during the second removal period. In his Reply, Plaintiff argues that Defendant GM's estimate of the amount in controversy is unsupported. *See* Dkt. 16. In the Notice of Removal, Defendant GM estimated $66,740.36 in actual damages, after estimating the applicable offsets. *See* Dkt. 1 at 5. The estimated actual damages along with civil penalties up to two times actual damages under the Song-Beverly Act and attorney's fees plausibly exceeds the $75,000 amount in controversy threshold for diversity jurisdiction, and the $50,000 required for federal question jurisdiction over the MMWA claim. Cal. Civ. Code §§ 1793.2(c), 1794(d). Thus, Defendant removed based on its own estimate of the amount in controversy, so no thirty-day deadline was ever triggered. Dkt. 1. Defendant GM was free to remove at any time, and its removal was timely.

Plaintiff's arguments that this Court lacks subject matter jurisdiction fail and are inconsistent with their argument that jurisdiction was triggered by the face of their Complaint. *See Kuxhausen*, 707 F.3d at 1141 (explaining that leaving the window open for removal "forces plaintiffs to assume the costs associated with their own indeterminate pleadings"). Thus, Plaintiff is not entitled to remand because Defendant GM has demonstrated that diversity jurisdiction is proper and that removal was timely. *Compare* Dkt. 1 *with* Dkt. 14.

## IV. CONCLUSION

Accordingly, Plaintiffs' Motion for Remand is **DENIED**. Dkt. 14.

**IT IS SO ORDERED.**

Dated: September 10, 2026

[signature]

HON. SERENA R. MURILLO
UNITED STATES DISTRICT JUDGE